1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                           EASTERN DISTRICT OF WASHINGTON
7

8   MARIA DE LA O; SILVIA FARIAS;          NO. CV-04-0192-EFS
    BARBARA BRAVO; ADELINA RAMIREZ;
9   CELIA CARO; MAYOLA MADRIGAL; ROSA
    GUERRERO; IRENE NEGRETE; IRMA           **ORDER GRANTING IN PART AND**
    CONTRERAS; ALEJANDRA PEREZ;             **DENYING IN PART** *De La O*
10  ELIZABETH RAMIREZ; MARIA DE             **PLAINTIFFS' MOTION FOR**
    FAVELA; MARIA DEL CARMEN                **PARTIAL SUMMARY JUDGMENT**
11  HERNANDEZ; MARGARITA MATA; ALICIA       **DECLARING RCW 4.24.350**
    MEDRANO; VERONICA NEVAREZ; MARIA        **UNCONSTITUTIONAL AND**
12  PUENTES; ALICIA RODRIGUEZ; MARIA        **DISMISSING COUNTERCLAIM**
    RUIZ; GUADALUPA SALAS; and JUANA
13  SANCHEZ,

14                  Plaintiffs,

15            v.

16  ROBIN ARNOLD-WILLIAMS, Secretary,
    Department of Social and Health
17  Services, in her official
    capacity; JOHN BUMFORD and MICHAEL
18  COYNE, in their official and
    individual capacities; and JUDY
19  ESSER, ROBIN CLAWSON, ISRAEL
    VARGAS, JAMES DITZEL, DICK HOEZEE,
20  KRIS BONESS, DON SMITH, RANDALL
    BLACKBURN, STEVE JENSEN, and JANE
21  DOES 1-5 and JOHN DOES 1-5, in
    their individual capacities; and
22  TOWN OF MATTAWA, WASHINGTON,

23                  Defendants.

24  MARIA FERNANDEZ, MARIA SOLEDAD
    CHAVEZ, and BERTHA MENDOZA, as         [NO. CV-05-0280-EFS]
25  individuals and on behalf of all
    other similarly situated persons,
26  and PRISCILLA ERAZO, SILVIA
    GONZALES, OLGA MERCADO, CARMELA

    ORDER ~ 1

1
2

RAMIREZ, ROSALINDA RAMIREZ, and
ROSA MARIA REYEZ, as individuals,

3

Plaintiffs,

4

v.

5
6
7
8
9
10
11

DEPARTMENT OF SOCIAL AND HEALTH
SERVICES; ROBIN ARNOLD-WILLIAMS,
in her official capacity; KENNITH
HARDEN and JOHN BUMFORD, in their
official and individual capacity;
ROBIN CLAWSON, MICHAEL COYNE,
JAMES DITZEL, ISRAEL VARGAS, DICK
HOEZEE, KRIS BONESS, DON SMITH,
JUDY ESSER, RANDALL BLACKBURN,
STEVE JENSEN, JANE DOES 1-5, and
JOHN DOES 1-5, in their individual
capacities; and TOWN OF MATTAWA,
Washington,

12

Defendants.

13

14    A hearing was held in the above-captioned matters on February 28,

15   2006.   Plaintiffs in *De La O* were represented by C. Joshua Alex and

16   Katrin Frank, while Joachim Morrison appeared on behalf of the *Fernandez*

17   Plaintiffs.   John McIlhenny appeared on behalf of Defendants State of

18   Washington and state agents ("the State Defendants"), and Jerry Moberg

19   represented Defendants Mattawa and Grant County and agents.[1]   Before the

20   Court was *De La O* Plaintiffs' Motion for Partial Summary Judgment

21   Declaring RCW 4.24.350 Unconstitutional and Dismissing Counterclaim (Ct.

22   Rec. 54), which was joined by *Fernandez* Plaintiffs.   After reviewing the

23

24
25
26

---

    [1]  Following the hearing on this motion, the parties stipulated to

the dismissal of Grant County, Washington; David Matney; and Grant County

Jane Does and John Does.   (Ct. Rec. 108.)   The case captions have been

amended to reflect these dismissals.

ORDER ~ 2

1  submitted materials and applicable law and hearing oral argument, the

2  Court is fully informed; the Court grants in part and denies in part

3  Plaintiffs' motion, declaring Revised Code of Washington ("RCW")

4  4.24.350(1) unconstitutional but allowing a revised counterclaim and

5  denying the request for damages and fees.

6  **A.   Background**

7     Defendants Esser, Blackburn, Jensen, Town of Mattawa, and Grant

8  County (hereinafter "Mattawa and Grant County Defendants") have asserted

9  the following counterclaim:

10     Plaintiffs' claims against these Defendants are frivolous,
       false, unfounded and malicious.  These Defendants claim the
11     protections and rights of action granted by RCW 4.24.350, and
       that the Plaintiffs have abused the civil process by knowingly
12     and maliciously instituting claims in this action, which are
       both false and unfounded.  Defendants are entitled to their
13     fees and costs pursuant to RCW 4.24.350.  Individual Defendants
       are entitled to liquidated damages pursuant to RCW 4.24.350.

14
   (Ct. Rec. 39 at 42.)    Plaintiffs in *De La O*, joined by *Fernandez*
15
   Plaintiffs, ask the Court to declare RCW 4.24.350(2) as violative of the
16
   First Amendment and to dismiss the Grant County and Mattawa Defendants'
17
   counterclaim under that statute, while awarding Plaintiffs each $1 in
18
   nominal damages and their attorneys fees and costs relative to this claim
19
   under 42 U.S.C. § 1988.  The State Defendants and the Mattawa and Grant
20
   County Defendants each filed an opposition, contending RCW 4.24.350 is
21
   constitutional and damages under 42 U.S.C. §§ 1983 and 1988 are
22
   inappropriate.
23
   **B.   Standing**
24
      At the hearing, the State Defendants argued the Court need not
25
   address the constitutionality of RCW 4.24.350(2) because Plaintiffs
26
   failed to show that state action was involved.  Although the Court below

   ORDER ~ 3

1 finds that state action was involved, the Court also finds the issue of

2 state action is largely irrelevant to the determination of whether the

3 Court should consider the constitutionality of RCW 4.24.350(2).

4      The Mattawa and Grant County Defendants specifically asserted a

5 counterclaim under RCW 4.24.350.   Accordingly, Plaintiffs have been

6 personally threatened with an injury as a result of Defendants' conduct

7 of asserting this putatively illegal counterclaim.  *See Jones v. City of*

8 *Los Angeles*, 444 F.3d 1118, 1126-27(9th Cir. 2006).   Regardless, facial

9 constitutional challenges to a statute are generally permitted when the

10 challenged statute is "directed narrowly and specifically at expression

11 or conduct commonly associated with expression."   *Roulette v. City of*

12 *Seattle*, 97 F.3d 300 (9th Cir. 1996) (quoting *City of Lakewood v. Plain*

13 *Dealer Publ'g Co.*, 486 U.S. 750, 760 (1988)).   As explained below, the

14 Court finds RCW 4.24.350(2) is directed at restricting lawsuits – a form

15 of expression – against specific government officials.   For these

16 reasons, the constitutionality of RCW 4.24.350(2) is properly before the

17 Court.

18 **C.    Constitutionality of RCW 4.24.350(2)**

19      Plaintiffs argue RCW 4.24.350(2) constitutes unconstitutional

20 viewpoint discrimination because it singles out and penalizes lawsuits

21 that allege misconduct by certain government officials.   Plaintiffs

22 maintain the Ninth Circuit's decision in *Chaker v. Crogan*, 428 F.3d 1215

23 (9th Cir. 2005), is on point, while Defendants contend *Chaker* is not

24 because it addressed a criminal penal statute.   Defendants also maintain

25 RCW 4.24.350(2) does not discriminate on the basis of viewpoint, but

26 rather simply provides a remedy to the specified government agents.

ORDER ~ 4

1        RCW 4.24.350 provides, in pertinent part:

2        (1) In any action for damages whether based on tort or contract
         or otherwise, a claim or counterclaim for damages may be
3        litigated in the principal action for malicious prosecution on
         the ground that the action was instituted with knowledge that
4        the same was false, and unfounded, malicious and without
         probable cause in the filing of such action, or that the same
5        was filed as a part of a conspiracy to misuse judicial process
         by filing an action known to be false and unfounded.
6        (2) In any action, claim, or counterclaim brought by a <u>judicial
         officer, prosecuting authority, or law enforcement officer</u> for
7        malicious prosecution arising out of the performance or
         purported performance of the public duty of such officer, an
8        arrest or seizure of property need not be an element of the
         claim, nor do special damages need to be proved. A judicial
9        officer, prosecuting authority, or law enforcement officer
         prevailing in such an action may be allowed an amount up to one
10       thousand dollars as liquidated damages, together with a
         reasonable attorneys' fee, and other costs of suit. A
11       government entity which has provided legal services to the
         prevailing judicial officer, prosecuting authority, or law
12       enforcement officer has reimbursement rights to any award for
         reasonable attorneys' fees and other costs, but shall have no
13       such rights to any liquidated damages allowed.

14  (emphasis added).  Plaintiffs are only challenging the constitutionality

15  of subsection (2), and as the party challenging the statute, Plaintiffs

16  have the burden of demonstrating RCW 4.24.350(2) is unconstitutional.

17  *See Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 198 (2001).  As

18  explained below, the Court finds Plaintiffs have satisfied their burden

19  of establishing impermissible viewpoint discrimination.

20       1.   Applicability of *Chaker*

21       Defendants contend *Chaker v. Crogan*, 428 F.3d 1215 (9th Cir. 2005),

22  is not applicable because the statute at issue was materially different

23  given that it created a new misdemeanor penalty; whereas, RCW 4.24.350(2)

24  is simply a remedial statute.   However, under First Amendment

25  jurisprudence, whether a restriction on speech imposes civil liability

26  or a criminal penalty "it must satisfy relevant constitutional

ORDER ~ 5

1  standards." *Garrison v. Louisiana*, 379 U.S. 64, 67 n.3 (1964).

2  Therefore, if the Court finds RCW 4.24.350(2) is not simply a remedial

3  statute but places a civil sanction on speech, *Chaker*'s analysis of

4  relevant constitutional standards is applicable.

5      2.   Subsection (2) Impermissibly Singles Out A Type of Civil

6  Complaint

7      Plaintiffs argue subsection (2) impermissibly singles out one type

8  of complaint, those against a judicial officer, prosecuting authority,

9  or law enforcement officer (hereinafter, "protected government agents"),

10 for special adverse treatment in violation of the First Amendment by (1)

11 removing elements from the common law malicious prosecution cause of

12 action, thereby exposing the risk that a person who files a lawsuit

13 against a protected government agent will be found to have committed

14 malicious prosecution, (2) subjecting plaintiffs who file complaints of

15 misconduct against the protected government agents to a potential penalty

16 of $1,000 in liquidated damages, and (3) subjecting these plaintiffs to

17 potentially paying the protected government officials' reasonable

18 attorneys' fees and costs.  In response, Defendants argue subsection (2)

19 is constitutional because it did not create a new cause of action as the

20 legislature was aware when it enacted subsection (2) that a common law

21 malicious prosecution claim exists and subsection (2) is simply a remedy-

22 oriented amendment to the original statute (subsection (1)).

23     As civil lawsuits are a form of expression, a restriction on the

24 ability to bring suit against the government to redress a grievance is

25 reviewed under the First Amendment. *Cal. Motor Transp. Co. v. Trucking*

26 *Unlimited*, 404 U.S. 508, 510-12 (1972); *BE & K Constr. v. Nat'l Labor*

ORDER ~ 6

1  *Relations Bd.*, 536 U.S. 516, 525 (2002). The First Amendment generally

2  prohibits the government from proscribing speech because of disapproval

3  of the ideas expressed. *R.A.V. v. City of St. Paul, Minnesota*, 505 U.S.

4  377, 383 (1992). The free speech protections provided by the First

5  Amendment are made applicable to the states by the Fourteenth Amendment.

6  *Prete v. Bradbury*, 438 F.3d 949, 961 (9th Cir. 2006). Yet, these

7  protections are not absolute and the government may regulate certain

8  categories of expression consistent with the Constitution, i.e. "content

9  discrimination." Examples of content that may be regulated are fighting

10 words, defamation, and obscenity. *R.A.V.*, 530 U.S. at 383. Accordingly,

11 even though content-based regulations are presumptively invalid, the

12 Supreme Court has permitted content-based restrictions in a few limited

13 areas because "such utterances are no essential part of any exposition

14 of ideas, and are of such slight social value as a step to truth that any

15 benefit that may be derived from them is clearly outweighed by the social

16 interest in order and morality." *Chaplinsky v. New Hampshire*, 315 U.S.

17 568, 572 (1942). However,

18     these areas of speech can, consistently with the First
Amendment, be regulated *because of their constitutionally*
19     *proscribable content* (obscenity, defamation, etc.)-not that
they are categories of speech entirely invisible to the
20     Constitution, so that they may be made the vehicles for content
discrimination unrelated to their distinctively proscribable
21     content. Thus, the government may proscribe libel; but it may
not make the further content discrimination of proscribing *only*
22     libel critical of the government.

23 *R.A.V.*, 505 U.S. at 383-84 (emphasis in original).

24     Case law makes clear that the Supreme Court has differentiated

25 between content discrimination, which may be permissible, and viewpoint

26 discrimination, which is presumed impermissible. *Rosenberger v. Rector*

ORDER ~ 7

1  *& Visitors of Univ. of Va.*, 515 U.S. 819, 829-30 (1995) (invalidating

2  university regulation that denied religious organization financial

3  support because regulation constituted viewpoint discrimination). "When

4  the government targets not subject matter, but a particular view taken

5  by speakers on a subject, the violation of the First Amendment is all the

6  more blatant." *Rosenberger*, 515 U.S. at 829.

7      The Ninth Circuit addressed viewpoint discrimination in *Chaker v.*

8  *Crogan* by analyzing the constitutionality of California Penal Code §

9  148.6(a)(1), which makes it a misdemeanor to "file [ ] any allegation of

10 misconduct against any peace officer . . . knowing the allegation to be

11 false."   428 F.3d 1215 (9th Cir. 2005).   Mr. Chaker, who had been

12 arrested by two El Cajon Police Officers, filed a claim for damages with

13 the City of El Cajon claiming that one of the officers assaulted him

14 during the arrest.  *Id.* at 1217.   Thereafter, the District Attorney's

15 office filed a misdemeanor criminal complaint against Mr. Chaker in state

16 court charging him with the violation of section 148.6(a)(1) by knowingly

17 filing a false complaint of peace officer misconduct.  *Id.*   Mr. Chaker

18 filed a motion to dismiss the criminal complaint on the basis that

19 section 148.6(a)(1) was unconstitutional because it impermissibly singled

20 out certain speech within an unprotected category of speech.  *Id.* at 1218

21 & 1223.

22     The Ninth Circuit agreed.  *Id.* at 1229.   The Ninth Circuit ruled

23 section 148.6 impermissibly singles out speech critical of peace officers

24 for special criminal sanction.  *Id.*   The court stated:

25     [t]he statute's under-inclusiveness is particularly troublesome
       in this case because section 148.6 is necessarily limited to
26     criticism of government officials-peace officers.  "Suspicion
       that viewpoint discrimination is afoot is at its zenith when

ORDER ~ 8

> the speech restricted is speech critical of the government,"
> because "[c]riticism of government is at the very center of the
> constitutionally protected area of free discussion."

*Id.* at 1227 (citations omitted).   Accordingly, the court acknowledged, "it is clear that the state may prohibit knowingly false speech made in connection with the peace officer complaint process;" nevertheless, the Ninth Circuit determined the statute regulated speech in such a way that it singled out speech based on viewpoint, i.e. filing false statements against a police officer but not false statements supporting a police officer.  *Id.* at 1225-26.

Similarly, the Court finds RCW 4.24.350(2) is unconstitutional viewpoint discrimination.  As at common law, RCW 4.24.350(1) requires a party asserting a civil malicious prosecution claim to allege and prove (1) the prosecution claimed to have been malicious was instituted or continued by the other party, (2) there was want of probable cause for the institution or continuation of the prosecution, (3) the proceedings were instituted or continued through malice, (4) the proceedings were terminated on the merits in favor of the party asserting malicious prosecution or were abandoned, and (5) the party claiming malicious prosecution suffered special injury or damage as a result of the prosecution through either arrest or seizure of property.  *Gem Trading Co. Inc. v. Cudahy Corp.*, 92 Wash. 2d 956, 962-65 (1979); *Petrich v. McDonald*, 44 Wash. 2d 211, 220 (1954).[2]  Subsection (2) to RCW 4.24.350

---

[2] Defendants argue the fifth element – the party claiming malicious prosecution suffered special injury or damages as a result of the prosecution through either arrest or seizure of property – is not an element but actually a requirement for damages.  However, *Petrich* clearly

ORDER ~ 9

1  eliminates the last element – the "special injury as a result of an

2  arrest/seizure element" – by stating ". . . an arrest or seizure of

3  property need not be an element of the claim, nor do special damages need

4  to be proved."   Accordingly, the Court finds subsection (2) did create

5  a new cause of action for the protected government officials.[3]   For

6  example, the individual who asserts a claim against the protected

7  government agent cannot – after the protected government agent asserts

8  a counterclaim under RCW 4.24.350(2)– then also assert a *similar*

9  counterclaim for malicious prosecution.  This is because the elements for

10 a common law malicious prosecution claim and a claim under subsection (2)

11 are different.  In addition, the party asserting a common law malicious

12 prosecution claim cannot seek the same remedies as a protected government

13 agent. The imbalance created is similar to that in *Chaker*, "i.e., only

14 individuals *critical* of peace officers are subject to liability and not

15 those who are supportive."   428 F.3d. at 1227.   Therefore, the Court

16 finds RCW 4.24.350(2) creates a civil sanction by making it easier for

17 the protected government official to bring a malicious prosecution action

18

19 indicates that this is actually an element that must be proven in order

20 to prevail on a common law malicious prosecution claim.  44 Wash. 2d at

21 221-22.

22    [3]  The statute did not merely provide a "remedy" as Defendants

23 suggest.  Although, subsection (2) does allow the prevailing protected

24 government official to receive up to $1,000 in liquidated damages, along

25 with reasonable attorneys' fees and costs, it also removed "the special

26 injury as a result of an arrest/seizure" element.

ORDER ~ 10

1   and by providing a prevailing protective government official with

2   additional damages.

3       Defendants also raise a "secondary effects" argument.  Defendants

4   submit differential treatment is allowed because claims against police

5   officers, judicial officers, and prosecutors had the secondary effect of

6   inhibiting their ability to perform their public duties and exercising

7   their discretion, as is recognized by the legislative history.   The

8   Supreme Court addressed "secondary effects" in *R.A.V.*, noting that a

9   content based regulation may be lawful if it is justified without

10  reference to the content of the speech.  505 U.S. at 389.   The Supreme

11  Court provided the following example of when government regulation is

12  permissible even though it has the secondary effect of restricting speech

13  based on content: restricting obscene live performances involving minors.

14  *Id.*  Here, the Washington Legislature was not intending to target conduct

15  (a secondary effect of which was to affect the content of speech) when

16  it enacted RCW 4.24.350(2) because the legislative history makes clear

17  that the Legislature was intending to curtail the number of lawsuits –

18  a form of speech –  brought against these protected government officials.

19      The Court also finds RCW 4.24.350(2)'s "remedial" legislative

20  history is not determinative of whether this statute is constitutional.

21  When enacting subsection (2) in 1984, the Washington Legislature stated:

22      The legislature finds that a growing number of unfounded
        lawsuits, claims, and liens are filed against law enforcement
23      officers, prosecuting authorities, and judges, and against
        their property, having the purpose and effect of deterring
24      those officers in the exercise of their discretion and
        inhibiting the performance of their public duties.

25
        The legislature also finds that the cost of defending against
26      such unfounded suits, claims and liens is severely burdensome
        to such officers, and also to the state and the various cities

ORDER ~ 11

1    and counties of the state.  The purpose of section 2 of this
     1984 act is to provide a remedy to those public officers and
2    to the public.

3    RCW 4.24.350 Historical & Statutory Notes: Legislative Findings-1984 c

4    133.   The Ninth Circuit's ruling in *Chaker v. Crogan* made clear that

5    whether the legislature's purpose was "remedial" is not controlling on

6    the   determination   of   whether   the   statute   constitutes   viewpoint

7    discrimination.   428 F.3d at 1223 & 1226-27.   There, the California

8    Legislature enacted California Penal Code § 148.6 to remedy a perceived

9    gap created by several state court decisions that section 148.5, which

10   makes  it  a  misdemeanor  to  report  a  suspected  felony  or  misdemeanor

11   knowing  the  report  of  criminal  activity  to  be  false,  did  not  apply  to

12   complaints of police misconduct.   *Id.* at 1226-27.   Nevertheless, simply

13   because  the  California  Legislature  enacted  section  148.6  to  remedy  a

14   perceived gap in the law, this was insufficient to bypass First Amendment

15   scrutiny.   *Id.*   Here, the Washington Legislature enacted RCW 4.24.350(2)

16   to  relieve  certain  government  officials  from  the  worry  of  unfounded

17   lawsuits, a "remedy" if you will.   However, such legislation violates the

18   First Amendment's prohibition against viewpoint discrimination.   The test

19   as *Chaker* teaches is "'whether the specific motivating ideology or the

20   opinion  or  perspective  of  the  speaker  is  the  rationale  for  the

21   restriction.'"   *Chaker*, 428 F.3d at 1226 (citations ommitted).

22        Applying this test, the Court concludes RCW 4.24.350(2) modifies the

23   elements of a malicious prosecution action and awards additional damages

24   *only* in those case which assert false claims against specified government

25   officials  who  prevail  in  the  case.  This  is  essentially  viewpoint

26   discrimination and, therefore, unconstitutional.   *See R.A.V.*, 505 U.S.

ORDER ~ 12

1    at 383-84.  By contrast, RCW 4.24.350(1) permits claims for malicious

2    prosecution by all litigants, thereby restricting "unprotected" speech

3    on the basis of its constitutionally proscribable content - falsity.  The

4    First Amendment permits the latter but not the former.  Because the

5    Historical and Statutory Notes for RCW 4.24.350 contains a severability

6    clause, the Court strikes down as unconstitutional only subsection 2

7    thereof.  Accordingly, the Defendants retain a counterclaim pursuant to

8    RCW 4.24.350(1) only.

9        Plaintiffs asked for dismissal of Defendants' malicious prosecution

10   counterclaim; however, a claim for malicious prosecution still lies in

11   common law and RCW 4.24.350(1) allows such a claim to be asserted as a

12   counterclaim in the instant action.  Therefore, the Court will not

13   dismiss the malicious prosecution counterclaim; rather, Defendants may

14   now maintain a common law malicious prosecution counterclaim under RCW

15   4.24.350(1).  Thus, the Court revises the counterclaim to read as

16   follows:

17        These Defendants claim the protections and right of action
         granted by RCW 4.24.350(1), and that Plaintiffs have abused the
18       civil process by knowingly and maliciously instituting claims
         in this action, which are both false and unfounded.
19

## B.    42 U.S.C. §§ 1983 & 1988

20

21       Plaintiffs, in anticipation of a ruling that RCW 4.24.350(2) was

22   unconstitutional, have asserted a claim under 42 U.S.C. §§ 1983 and 1988

23   against the Official and Municipal Defendants for damages, costs, and

24   fees for the deprivation of their constitutional rights.  Section 1983

25   of the United States Code title 42 provides:

26       Every person who, under color of any statute, ordinance,
         regulation, custom, or usage, of any State . . ., subjects, or
         causes to be subjected, any citizen of the United States or

ORDER ~ 13

1
2
3
> other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in
> an action at law, suit in equity, or other proper proceeding
> for redress, . . . .

4  Section 1988 provides for entry of judgment in favor of the prevailing

5  party and the payment of damages and attorney's fees in a § 1983 lawsuit.

6      To state a claim under § 1983, the plaintiff must allege a violation

7  of his constitutional rights and show the defendant's actions were taken

8  under color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149,

9  155-56 (1978); *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir.

10  2000) (dictum).   The determination of whether a government employee is

11  acting under color of law depends upon the facts and circumstances of the

12  case.   *Gritchen v. Collier*, 254 F.3d 807, 813 (9th Cir. 2001).   "[A]

13  State normally can be held responsible for a private decision only when

14  it has exercised coercive power or has provided such significant

15  encouragement, either overt or covert, that the choice must in law be

16  deemed to be that of the State."  *Blum v. Yaretsky*, 457 U.S. 991, 1004

17  (1982).   State action also occurs when private persons are "willful

18  participants[s] in the joint activity with the State or its agents" to

19  invoke a constitutional deprivation. *Johnson v. Knowles*, 113 F.3d 1114

20  (9th Cir. 1997).   Here, the individual Defendants jointly filed an RCW

21  4.24.350(2) counterclaim with the government employers.   The Court finds

22  such constitutes action under color of state law; therefore, because of

23  the unconstitutionality of RCW 4.24.350(2), the Court must continue

24  addressing Plaintiffs' argument that they have claims under 42 U.S.C. §§

25  1983 and 1988.   Defendants counter that they are entitled to qualified

26  immunity because they were acting in good faith.

ORDER ~ 14

1  Qualified immunity protects government officials performing

2  discretionary functions "from liability for civil damages insofar as

3  their conduct does not violate 'clearly established' statutory or

4  constitutional rights of which a reasonable person would have known."

5  *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  A government official is

6  entitled to qualified immunity if (1) the law governing the conduct was

7  clearly established and (2) under that clearly established law, a

8  reasonable official would have believed his conduct to be lawful.  *Conn*

9  *v. Gabbert*, 526 U.S. 286, 290 (1999); *Thompson v. Souza*, 111 F.3d 694,

10 698 (9th Cir. 1997); *Diruzza v. County of Tehama*, 206 F.3d 1304 (9th Cir.

11 2000).  The Supreme Court has indicated a certain degree of

12 predictability is required:

13     The contours of the right must be sufficiently clear that a
       reasonable official would understand that what he is doing
14     violates that right.  This is not to say that an official
       action is protected by qualified immunity unless the very
15     action in question has previously been held unlawful . . . but
       it is to say that in the light of pre-existing law the
16     unlawfulness must be apparent.

17 *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  "The qualified immunity

18 standard 'gives ample room for mistaken judgments' by protecting 'all but

19 the plainly incompetent or those who knowingly violate the law.'" *Hunter*

20 *v. Bryan*, 502 U.S. 224, 229 (1991); *Know v. S.W. Airlines*, 124 F.3d 1103,

21 1007 (9th Cir. 1997).  This law must be clearly established at the time

22 of defendant's acts. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *Mendoza*

23 *v. Block*, 27 F.3d 1357, 1361 (9th Cir. 1994).

24     Although the Supreme Court in *R.A.V.* clearly held viewpoint

25 discrimination is unlawful, the Court concludes a reasonable person would

26 not have known it was unconstitutional to allege an RCW 4.24.350(2)

ORDER ~ 15

1  counterclaim.   The Court recognizes that in order for the law to be
2  clearly established there does not have to be case law directly finding
3  that subsection (2) is unconstitutional.  Yet, in light of the language
4  in RCW 4.24.350(2)'s legislative history, the unlawfulness of alleging
5  a malicious counterclaim under subsection (2) was not apparent under pre-
6  existing law; therefore, a reasonable person would not understand that
7  alleging such a malicious counterclaim violates an individual's First
8  Amendment rights.  *See Jensen v. City of Oxnard*, 145 F.3d 1078, 1085 (9th
9  Cir. 1998).  Accordingly, the Court finds Defendants were acting in good
10  faith, entitling them to qualified immunity and thus Plaintiffs' requests
11  for damages and fees under 42 U.S.C. §§ 1983 and 1988 are denied.

12      Accordingly, **IT IS HEREBY ORDERED**:  *De La O* Plaintiffs' Motion for
13  Partial Summary Judgment Declaring RCW 4.24.350 Unconstitutional and
14  Dismissing Counterclaim **(Ct. Rec. 54)** is **GRANTED IN PART** (RCW 4.24.350(2)
15  constitutes viewpoint discrimination in violation of the First Amendment
16  and damage requests are stricken from the counterclaim) **and DENIED IN
17  PART** (Defendants may proceed on a common law malicious prosecution
18  counterclaim under RCW 4.24.350(1), and Plaintiffs are not entitled to
19  damages under 42 U.S.C. §§ 1983 and 1988 because the agents are entitled
20  to qualified immunity).
21  ///
22  ///
23  ///
24  ///
25  ///
26

ORDER ~ 16

1       **IT IS SO ORDERED.**  The District Court Executive is directed to file

2   this Order and provide copies of this Order to counsel.

3       **DATED** this 25th day of September 2006.

4

5                               S/ Edward F. Shea
                                EDWARD F. SHEA
6                       United States District Judge

7
    Q:\Civil\2004\0192.rcw.unconst.wpd
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26


ORDER ~ 17