UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA DE LA O, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ROBIN ARNOLD-WILLIAMS, et al.,<br><br>        Defendants. | NO. CV-04-0192-EFS<br><br>**ORDER ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER RE TAX RETURNS AND IMMIGRANT STATUS & TOWN OF MATTAWA DEFENDANT'S MOTION TO COMPEL** |
| MARIA FERNANDEZ, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>        Defendants. | [NO. CV-05-0280-EFS] |

A hearing was held in the above-captioned matters on October 16, 2006. Plaintiffs in *De La O* were represented by Joshua Alex and Kay Frank, while Ty Duhamel appeared on behalf of the *Fernandez* Plaintiffs. John McIlhenny appeared on behalf of Defendants State of Washington and state agents ("State Defendants"), and Jerry Moberg represented Defendants Town of Mattawa and agents ("Town of Mattawa Defendants").

ORDER ~ 1

Before the Court were Plaintiffs' Motion for Protective Order Re Tax Returns and Immigrant Status (Ct. Rec. 223) and Town of Mattawa's Motion to Compel (Ct. Rec. 234). After reviewing the submitted materials and applicable law and hearing oral argument, the Court is fully informed. As set forth below, the Court grants Plaintiffs' motion and denies Defendants' motion in general.

**A.   Tax Returns**

After conducting the following two-pronged analysis, the Court finds a protective order preventing the disclosure of tax returns is necessary under Federal Rule of Civil Procedure 26(c) at this time:  (1) whether the tax returns are relevant to the subject matter of the action, and (2) whether there is a compelling need for the tax returns because the information contained therein is not otherwise readily available. *See Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006); *Aliotti v. Vessel Senora*, 17 F.R.D. 496, 497-98 (N.D. Cal. 2003); *see also Premium Serv. Corp v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).  First, the Court finds the tax returns are only relevant as to the three *Fernandez* Plaintiffs who are requesting lost income damages - Maria Chavez, Carmela Ramirez, and Maria Fernandez. *See Williams v. Bd. of County Comm'rs of the Unified Gov't of Wyandotte County & Kansas City, Kansas*, 192 F.R.D. 698, 705 (D. Kan. 2000).  Given the facts and circumstances of this case, the tax returns are not relevant for any other purpose proposed by Defendants.

The second prong of the analysis requires the Court to determine whether there is a compelling need for the tax returns for these three Plaintiffs because the information contained therein is not otherwise

readily available. *See Farber*, 234 F.R.D. at 191. Under this prong, the emphasis is on whether there is another means by which Defendants can obtain such information. *See Farber*, 234 F.R.D. at 191. In Plaintiffs' Reply (Ct. Rec. 267), Plaintiffs state:

> Mattawa defendants could focus discovery regarding the decline in the number of children in care or the decline in plaintiffs' incomes, mitigation, and business expense/deduction information. Plaintiffs' counsel notified defense counsel repeatedly that the three Fernandez plaintiffs were willing to provide additional income information and/or documents voluntarily.

(Ct. Rec. 267 at 6.) In reliance upon these three Plaintiffs' willingness to provide documentation and/or answer interrogatories regarding their business income and expenses, and components of such, during the relevant time periods, the Court finds Defendants have access to the information they seek from a source other than federal tax returns. *See Aliotti v. Vessel Senora*, 17 F.R.D. 496, 497-98 (N.D. Cal. 2003); *see also Cooper v. Hallgarten & Co.*, 34 F.R.D. 482 (S.D.N.Y. 1964); *see e.g. Farber*, 234 F.R.D. at 191. Such information will allow Defendants to investigate any potential basis for changes in income, such as increased expenses, changes in overhead, etc., without Plaintiffs needing to disclose their tax returns. This decision "assure[s] a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns." *Farber*, 234 F.R.D. at 191. Accordingly, the Court finds there is not a compelling need for Plaintiffs to disclose their tax returns.

**B.   Immigration Status**

Plaintiffs also ask the Court to restrict disclosure of their immigration status on the grounds that such information is irrelevant to

ORDER ~ 3

their claims and production of such information will potentially discourage litigants from pursuing civil rights claims. Defendants respond that such information is relevant because Plaintiffs' credibility needs to be assessed by the jury. State Defendants also maintain Plaintiffs' immigration status is relevant because, if they are illegally in the United States, *Hoffman Plastic Compounds, Inc. v. N.L.R.B.*, 535 U.S. 137 (2002), provides that they can not claim lost income.

First, the Court finds the circumstances of this lawsuit to be more similar to those in *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004), rather than *Hoffman*. Although the Ninth Circuit did not ultimately decide whether *Hoffman* was applicable to the facts at hand in *Rivera*, the Ninth Circuit took the opportunity to explain that *Hoffman* likely did not apply because the two cases dealt with different federal statutes and the plaintiffs in *Rivera* were seeking back pay for work they had actually performed, unlike the employee in *Hoffman* who was seeking back pay for work that was not actually performed. *Rivera*, 364 F.3d at 1066-69; *see also Galaviz-Zamora v. Brady Farms, Inc.*, 230 F.R.D. 499 (W.D. Mich. 2005). Here, although Plaintiffs are seeking lost income, they have brought a civil rights action like the plaintiffs in *Rivera*, rather than an action under the National Labor Relations Act as was brought in *Hoffman*. The Court finds compelling the concern, as recognized in *Rivera*, that requiring the Plaintiffs to disclose their immigration status would cause a chilling effect on similar civil rights actions. *Rivera*, 364 F.3d at 1064-65; *see also EEOC v. BICE of Chicago*, 229 F.R.D. 581 (N.D. Ill. 2005). Therefore, the Court does not find *Hoffman*

ORDER ~ 4

controlling. Accordingly, Plaintiffs' immigration status is not relevant to the issue of lost income.

Defendants also argue they need to know the immigration status of Plaintiffs in order to show that the investigation into Plaintiffs was based on legitimate police concerns of criminal conduct and to challenge Plaintiffs' credibility. The Court concludes Plaintiffs' immigration status has little, if any, relevance to either of these issues. First, Defendants will need to show that a legitimate police concern existed at the time of the investigation not by evidence obtained through later discovery. Second, as to credibility, any relevance the Plaintiffs' immigration status might have as to their credibility is outweighed by the damage and prejudice to Plaintiffs if disclosure was required. *See Galaviz-Amora v. Brady Farms*, 230 F.R.D. 499, 502 (W.D. Mich. 2005).

Accordingly, due to both the chilling effect discussed above and the outstanding federal grand jury, the Court finds Plaintiffs satisfied their burden of showing good cause by demonstrating harm or prejudice that would result if they were forced to disclose their immigration status. *See Rivera*, 364 F.3d at 1063. For these reasons, Defendants are not entitled to conduct discovery into Plaintiffs' immigration status.

**C.   Social Security Numbers and "Other Identifying Information"**

For the same reasons the Court finds Plaintiffs' immigration status is protected, the Court finds Defendants are not entitled to ask Plaintiffs to disclose their social security numbers. Plaintiffs also ask the Court to prohibit Defendants from seeking "other identifying information." The Court finds this request is too broad. In fact, the Court finds Defendants are entitled to ensure that Plaintiffs are who

ORDER ~ 5

they say they are.  Therefore, Defendants are entitled to ask a Plaintiff her name and birth date.  In addition, the Court notes that Defendants have access to the identifying information that each Plaintiff supplied at the time she obtained her license.

For the above given reasons, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Protective Order Re Tax Returns and Immigrant Status **(Ct. Rec. 223)** is **GRANTED** in so far as Defendants are not entitled to conduct discovery into Plaintiffs' (or their husbands, children, relatives, and assistants) tax returns, immigration status, or social security numbers.

2. Town of Mattawa's Motion to Compel **(Ct. Rec. 234)** is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order and provide copies of this Order to counsel.

**DATED** this ___20th___ day of October 2006.


                           S/ Edward F. Shea
                           EDWARD F. SHEA
                      United States District Judge

Q:\Civil\2004\0192.protorder.taxret.wpd

ORDER ~ 6