UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA DE LA O, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBIN ARNOLD-WILLIAMS, et al.,<br><br>    Defendants. | NO. CV-04-0192-EFS<br><br>**ORDER ENTERING RULINGS FROM DECEMBER 20, 2006, HEARING** |
| MARIA FERNANDEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>    Defendants. | [NO. CV-05-0280-EFS] |

A hearing was held in the above-captioned matter on December 20, 2006. Counsel appeared on behalf of the parties, as reflected in the Minutes (Ct. Rec. 512). Before the Court were State Defendants' Second Motion for Summary Judgment (Ct. Rec. 249), Defendants Mattawa, Esser, Blackburn, and Jensen's (hereinafter collectively, "Mattawa Defendants") Motion for Summary Judgment (Ct. Rec. 395), and Mattawa Defendants' Motion to Strike (Ct. Rec. 494). After reviewing the submitted materials

ORDER ~ 1

and relevant legal authority and hearing oral argument, the Court is fully informed; this Order serves to supplement and memorialize the Court's oral rulings on these motions and another motion heard without oral argument.

**I. Plaintiffs' Motion to Dismiss Defendant Town of Mattawa's Affirmative Defense and Counterclaim under RCW 4.24.510 (Ct. Rec. 391)**

This motion was filed on November 13, 2006; and no response was filed.  The Court considers the failure to file an opposition as consent to entry of an adverse ruling under Local Rule 7.1(h)(5) and **grants** the motion; Town of Mattawa's RCW 4.24.510 affirmative defense and counterclaim are dismissed.

**II.   Mattawa Defendants' Motion to Strike (Ct. Rec. 494)**

Mattawa Defendants ask the Court to strike Exhibits 5, 6, 7, 8, 17, 25, 31, 35, 38, and 43 on the grounds that each of these exhibits are and/or contain inadmissible hearsay; Mattawa Defendants also submit there is no foundation for Exhibits 5 and 8.  In addition, Mattawa Defendants ask the Court to strike a number of paragraphs from Plaintiffs' Statement of Facts (Ct. Rec. 418).  The Court selects not to address the requests to strike the Statements of Fact because these are more appropriately treated as contentions to the Plaintiffs' facts.  In determining whether genuine issues of material fact exist, the Court will not consider hearsay or other inadmissible evidence.  Therefore, the Court denies as moot part of this motion.

For the reasons given on the record, the Court denies Mattawa Defendants' motion to strike Exhibits 5, 7, 25, 31, 35, 38, and 43, but grants in part the motion, striking Exhibits 6 and 8.  The Court denies

ORDER ~ 2

as moot the request to strike Exhibit 17 because this request was withdrawn.

### III. Summary Judgment Motions

**A.   Facts**

On December 18, 2006, Plaintiffs and the Mattawa Defendants submitted a Joint Statement of Facts (Ct. Rec. 510). In ruling on the motion for summary judgment, the Court considered these facts, as well as the submitted affidavits, deposition transcripts, declarations, and exhibits, and the Factual Background set forth in the Order Entering Rulings from November 2, 2006, Hearing (Ct. Rec. 511), and all reasonable inferences therefrom in the light most favorable to Plaintiffs, the party opposing the motions. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1972) (*per curiam*).

**B.   Standard**

Summary judgment is appropriate where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). The party seeking summary judgment must demonstrate there is an absence of disputed issues of material fact to be entitled to judgment as a matter of law. FED. R. CIV. PROC. 56(c). In other words, the moving party has the burden of showing no reasonable trier of fact could find other than for the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *Lynn v. Sheet Metal Worker's Intern. Ass'n*, 804 F.2d 1472, 1483 (9th Cir. 1986) (quoting *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1306

(9th Cir. 1982). The court is to view the facts and draw inferences in the manner most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Chaffin v. United States*, 176 F.3d 1208, 1213 (9th Cir. 1999).

A burden is also on the party opposing summary judgment to provide sufficient evidence supporting his claims to establish a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 252; *Chaffin*, 186 F.3d at 1213. "[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson*, 477 U.S. at 249, 252).

**C.   State Defendants' Second Motion for Summary Judgment (Ct. Rec. 249)**

The Court ruled on the majority of the issues raised in State Defendants' Second Motion for Summary Judgment at the November hearing. *(See* Ct. Rec. 511.) However, two issues were set for this December hearing: whether Plaintiffs' 42 U.S.C. § 1985(3) conspiracy cause of action and punitive damages request survive summary judgment.

1.   <u>42 U.S.C. § 1985(3): Civil Conspiracy</u>

State Defendants ask the Court to dismiss Plaintiffs' 42 U.S.C. § 1985 conspiracy claim against Mr. Harden, Ms. Clawson, Mr. Bumford, Mr. Coyne, Mr. Vargas, and Mr. Ditzel. Given that this motion was filed prior to the Court resolving the 42 U.S.C. § 1983 claim, State Defendants' first argument was that there was no § 1985(3) conspiracy claim given that there is no § 1983 deprivation, relying upon *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989). Because the

ORDER ~ 4

Court previously found there exists a question of fact as to whether State Defendants deprived Plaintiffs of their constitutional rights, the Court finds State Defendants' first argument unpersuasive.

State Defendants' next argument is Plaintiffs cannot establish that any deprivation of a legally-protected right was racially-motivated. In response, Plaintiffs submit they presented sufficient evidence of racial animus to survive summary judgment.

Civil liability for conspiracy is established by 42 U.S.C. § 1985(3), which provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The Supreme Court set forth four factors that a plaintiff must establish in order to prove a violation of § 1985(3):

> (1) a conspiracy, (2) for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joinders of Am., Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983). The second element is two-pronged: a plaintiff must identify a legally-protected right and "demonstrate a deprivation of that right motivated by 'some racial, or perhaps otherwise class-based,

ORDER ~ 5

invidiously discriminatory animus behind the conspirators' action'." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). The Ninth Circuit emphasized that a plaintiff must produce evidence of a "'an agreement or 'meeting of the minds' to violate constitutional rights.'" *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (quoting *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983)). "To be liable, each participant of the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Phelps Dodge*, 865 F.2d at 1541; *see also Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999).

The Court previously found genuine issues of material fact exist as to whether Plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures was violated (*see* Ct. Rec. 511), and the Court finds the same to be true as to whether Plaintiffs were subject to undue scrutiny because of their race. Therefore, a question of fact exists as to whether Plaintiffs were deprived of legally-protected rights for purposes of the § 1985(3) conspiracy claims. Upon review of the correspondence between the State Defendants and the actions taken by them, the Court finds Plaintiffs presented sufficient evidence to create a genuine issue of material fact as to whether there was a meeting of the minds to deprive Plaintiffs' of their right to be free from unreasonable searches and seizures and undue scrutiny.[1] Furthermore, the Court finds

---

[1] However, the Court concludes the evidence does not create a

ORDER ~ 6

a triable issue of fact exists as to whether these alleged deprivations were due to Plaintiffs' race. The Court recognizes that simply because the official action had more of an impact on Latina provides due simply to the ratio of Latina to Caucasian providers in Mattawa at this time is insufficient to create a triable issue of fact as to whether the investigation was motivated by the providers' race. *See Village of Arlington Heights v. Metro Housing Development Corp.*, 429 U.S. 252, 266 (1977). Yet, given the involvement of INS agents and law enforcement with only Latina-provider "visits" and the circumstances surrounding these "visits," the Court finds a jury should determine whether State Defendants' conduct violated 42 U.S.C. § 1985(3). Therefore, State Defendants' motion is denied in part.

2. <u>Punitive Damages against Individually-Named Defendants</u>

State Defendants also ask the Court to dismiss Plaintiffs' request for punitive damages against the individually-named Defendants because Plaintiffs cannot show that these Defendants' conduct was motivated by evil motive or intent, or involved reckless or callous indifference to federally protected rights of others. The Court previously granted qualified immunity to Defendants Boness, Smith, Hoezee, and Harden; the Court finds it appropriate to dismiss the punitive damages claims against these individuals as well. However, as to Defendants Clawson, Bumford,

---

triable issue of fact as to whether Kennith Harden was part of this alleged conspiracy. Mr. Harden's involvement in the investigation was very limited. Accordingly, the Court **grants** State Defendants' motion to dismiss the § 1985(3) cause of action as to Mr. Harden.

ORDER ~ 7

Vargas, Ditzel, and Coyne, the Court finds a question of fact exists for the jury, at this stage, as to whether punitive damages are appropriate.

**D. Mattawa Defendants' Motion for Summary Judgment (Ct. Rec. 395)**

Mattawa Defendants ask the Court to dismiss (1) Plaintiffs' § 1983 cause of action because the Mattawa Defendants did not personally participate in or direct the alleged violations of the Plaintiffs' constitutional rights and (2) Plaintiffs' § 1985 cause of action because there is no evidence that the Defendants conspired with anyone to violate the Plaintiffs' Equal Protection rights.

1. <u>42 U.S.C. § 1983</u>

Plaintiffs assert two violations of § 1983[2] against the Mattawa Defendants: (1) the Mattawa Defendants initiated an investigation based on race and (2) violated Plaintiffs' Fourth Amendment rights to be free from unlawful searches and seizures. As explained at the hearing, the Court finds triable issues of fact exist as these two claims, and thus

---

[2] Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

ORDER ~ 8

the jury will determine whether Plaintiffs are successful on their § 1983 claims.

    2.    <u>42 U.S.C. § 1985(3): Civil Conspiracy</u>

Mattawa Defendants argue Plaintiffs cannot establish that these Defendants violated 42 U.S.C. § 1985(3) by conspiring with Defendants Bumford, Coyne, Clawson, Vargas, and Ditzel because Plaintiffs cannot establish that the Mattawa Defendants were personally involved in the investigation at issue.  Plaintiffs contend the evidence shows the Mattawa Defendants initiated a race-based investigation and continued to ensure that the investigation was continued, thereby violating 42 U.S.C. § 1985(3), along with the State Defendants.

Similar to the § 1983 cause of action, the Court finds genuine issues of material fact exist as to whether Mattawa Defendants' conduct deprived Plaintiffs of the equal protection of the laws or of equal privileges and the immunities under the laws. *See United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983).  In addition, given the evidence viewed in the light most favorable to Plaintiffs, the Court finds genuine issues of material fact exist as to whether the Mattawa Defendants, in conjunction with the State Defendants, conspired to deprive Plaintiffs of these protected rights due to Plaintiffs' race and whether there was an act taken in furtherance of such alleged conspiracy. *See id.*

Mattawa Defendants argue Plaintiffs' § 1985(3) conspiracy claim against the individual Defendants is barred by qualified immunity.  The Court disagrees, concluding that qualified immunity is not an available defense to a § 1985(3) cause of action.  Without binding precedent from

ORDER ~ 9

the Ninth Circuit, the Court finds the Eleventh Circuit's analysis sound and adopts the ruling in *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1380 (11th Cir. 1997), that qualified immunity is not an available defense to a § 1985(3) claim. The Eleventh Circuit's rationale is that "the narrow intent element of § 1985(3) erects a significant hurdle for § 1985(3) plaintiffs, thereby obviating the need for granting public officials qualified immunity with respect to a § 1985(3) claim." *Id.* at 1379-80; *see also Burrell v. Board of Trustees of Georgia Military College*, 970 F.2d 785, 794 (11th Cir. 1992); *Newsome v. Lee County*, 431 F. Supp. 2d 1189, 1205 (D. Ala. 2006).

For the reasons given above, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Dismiss Defendant Town of Mattawa's Affirmative Defense and Counterclaim under RCW 4.24.510 **(Ct. Rec. 391)** is **GRANTED**.

2. Mattawa Defendants' Motion to Strike **(Ct. Rec. 494)** is **GRANTED IN PART** (Exhibits 6 and 8), **DENIED IN PART** (Exhibits 5, 7, 25, 31, 35, 38, and 43), **and DENIED AS MOOT IN PART** (requests to strike Statements of Facts and Exhibit 17).

3. State Defendants' Second Motion for Summary Judgment **(Ct. Rec. 249)** is **GRANTED IN PART** (Mr. Harden as to both the § 1985(3) cause of action and punitive damages request; Mr. Hoezee, Mr. Boness, and Mr. as to punitive damages request) **and otherwise DENIED IN PART.**

4. Mattawa Defendants' Motion for Summary Judgment **(Ct. Rec. 395)** is **GRANTED IN PART** (Sgt. Jensen as to the § 1983 cause of action as conceded by Plaintiffs) **and otherwise DENIED IN PART.**

ORDER ~ 10

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies of this Order to counsel.

**DATED** this   3rd   day of January 2007.

<pre>
                       S/ Edward F. Shea
                       EDWARD F. SHEA
                  United States District Judge
</pre>

Q:\Civil\2004\0192.dec.2006.msjs.wpd

ORDER ~ 11