UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA DE LA O, et al.,<br><br>    Plaintiffs,<br><br>       v.<br><br>ROBIN ARNOLD-WILLIAMS, et al.,<br><br>    Defendants. | NO. CV-04-0192-EFS<br><br>**ORDER RULING ON MOTIONS FOR RECONSIDERATION** |
| MARIA FERNANDEZ, et al.,<br><br>    Plaintiffs,<br><br>       v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>    Defendants. | [NO. CV-05-0280-EFS] |

BEFORE THE COURT are several motions to reconsider the Court's Order Granting in Part and Denying in Part *De La O* Plaintiffs' Motion for Partial Summary Judgment Declaring RCW 4.24.350 Unconstitutional and Dismissing Counterclaim (Ct. Rec. 289); these motions include the State Defendants' Motion for Reconsideration or, in the Alternative, Motion to Clarify Ruling (Ct. Rec. 315), the Mattawa Defendants' Motion to Reconsider, or in the Alternative, Motion to Clarify (Ct. Rec. 321), and

ORDER ~ 1

Plaintiffs' Motion for Partial Reconsideration of Partial Summary Judgment Order of September 25, 2006 (Ct. Rec. 330).

"Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (citing *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). While the law of the case doctrine does not limit the Court's jurisdiction, it is a guide to the Court's discretion. *Id.* (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). Thus, absent some compelling prerequisites, it is an abuse of discretion for a court to reconsider issues previously decided in the same case. *Id.* (citing *Thomas*, 983 F.3d at 155). Therefore, for the Court to hear the parties' motions for reconsideration, the parties must demonstrate that one of the following requisite conditions has been met: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Alexander*, 106 F.3d at 876.

Both the State Defendants and Mattawa Defendants ask the Court to reconsider its rulings because (1) malicious speech and baseless litigation are not protected speech under the First Amendment, (2) there is no state action in individual co-Defendants' malicious prosecution counterclaims, and (3) declaring RCW 4.24.350(2) unconstitutional leaves judges, prosecutors, and law enforcement personnel without a remedy. Upon review of Defendants' reconsideration motions, the Court concludes Defendants have failed to satisfy one of these conditions. Instead,

their arguments and authorities have already been considered by the Court in making its decision; Defendants simply disagree with the Court's application of the law to the facts of this case. Beyond this disagreement, there is no other basis offered to justify reopening the issues which have already been decided by the Court.

Defendants also ask the Court to clarify whether its declaratory judgment ruling enjoins the further use of RCW 4.24.350(2) as a statutory counterclaim. Within their underlying motion, Plaintiffs did not specifically request an injunction, but rather asked the Court to declare RCW 4.24.350 unconstitutional and to dismiss the Defendants' counterclaim. (Ct. Rec. 54.) Accordingly, the Court finds it inappropriate to enter an injunction at this stage; the declaratory judgment stands however.

Because the Court does not enter an injunction at this stage, Mattawa Defendants ask the Court to certify its Order pursuant to 28 U.S.C. § 1292(b). Given the Ninth Circuit's decision in *Chaker v. Crogan*, 428 F.3d 1215 (9th Cir. 2005), the Court concludes its Order does not "involve a controlling question of law as to which there is substantial ground for difference of opinion . . .," 28 U.S.C. § 1292(b); therefore, the Court denies Mattawa Defendants' certification request.

In their motion, Plaintiffs ask the Court to reconsider its denial of attorneys' fees and expenses under 42 U.S.C. § 1983. The issue of whether an award of attorneys' fees and expenses are appropriate even though the Court determined Defendants are entitled to qualified immunity, was not previously analyzed by the parties. Upon review of the

ORDER ~ 3

cases cited by Plaintiffs, the Court cannot determine that its denial of an award of attorneys' fees and costs was clearly erroneous or that a manifest injustice results. Accordingly, Plaintiffs' motion is denied.

For the above given reasons, **IT IS HEREBY ORDERED**:

1. State Defendants' Motion for Reconsideration or, in the Alternative, Motion to Clarify Ruling **(Ct. Rec. 315)** is **DENIED**.

2. Mattawa Defendants' Motion to Reconsider or in the Alternative, Motion to Clarify **(Ct. Rec. 321)** is **DENIED**.

3. Plaintiffs' Motion for Partial Reconsideration of Partial Summary Judgment Order of September 25, 2006 **(Ct. Rec. 330)** is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this ___3rd___ day of January 2007.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2004\0192.reconsid.09.25.06.order.wpd

ORDER ~ 4