UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA DE LA O, et al., | NO. CV-04-0192-EFS |
| Plaintiffs, | |
| v. | **ORDER RULING ON MOTIONS FOR RECONSIDERATION, ORAL MOTION FOR CLARIFICATION, AND INJUNCTION REQUESTS HELD IN ABEYANCE** |
| ROBIN ARNOLD-WILLIAMS, et al., | |
| Defendants. | |
| MARIA FERNANDEZ, et al., | [NO. CV-05-0280-EFS] |
| Plaintiffs, | |
| v. | |
| DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al., | |
| Defendants. | |

BEFORE THE COURT for hearing without oral argument is the State Defendants' Motion for Reconsideration or, in the Alternative, Motion to Clarify Order Entering Rulings from November 2, 2006, Hearing (Ct. Rec. 514), and the Mattawa Defendants' Oral Motion for Clarification, made at the January 16, 2007, hearing. In connection with the Order from which reconsideration is sought, the Court held Plaintiffs' Motion for Partial

ORDER ~ 1

Summary Judgment and Motion for Preliminary Injunction (Ct. Rec. 116 at 198) in abeyance until February 15, 2007, on the issue of whether injunction should issue.  For the reasons stated herein, the Court grants in part and denies in part the Motion for Reconsideration and to Clarify Order (Ct. Rec. 514), grants the Mattawa Defendants' Oral Motion for Clarification, and denies the portions of Plaintiffs' Motions for Preliminary Injunction and Partial Summary Judgment that were held in abeyance.

## I.  STANDARD ON RECONSIDERATION

"Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (citing *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)).  While the law of the case doctrine does not limit a court's jurisdiction, it is a guide to the court's discretion.  *Id.* (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)).  Thus, absent some compelling prerequisites, it is an abuse of discretion for a court to reconsider issues previously decided in the same case.  *Id.* (citing *Thomas*, 983 F.3d at 155).  Therefore, for the Court to hear the parties' motions for reconsideration, the parties must demonstrate that one of the following requisite conditions has been met: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred;[1] 3) the evidence on remand is substantially

---

[1] An intervening change in controlling law exists; but is not the basis cited for State Defendants' Motion for Reconsideration.  *See*

ORDER ~ 2

different; 4) other changed circumstances exist; or 5) a manifest
injustice would otherwise result." *Alexander*, 106 F.3d at 876.

**II.   STATE DEFENDANT'S MOTION FOR RECONSIDERATION AND TO CLARIFY**

**A.  Motions to Reconsider**

The State Defendants ask the Court to reconsider its rulings,
claiming (1) the Court erred in finding the statutes facially
unconstitutional, and (2) the Court erred in denying qualified immunity
to State Defendants Coyne, Bumford, Vargas, and Ditzel.  Reviewing the
motion under a reconsideration standard, neither request has merit.

For the first motion, State Defendants cite the Court's use of the
word "overbroad" out of context to suggest that the Court has erroneously
applied a First Amendment "overbreadth" doctrine to a Fourth Amendment
issue.  State Defendants ignore the use of that term in *Rush v. Obledo*,
relied on by the Court: "statute authorizing warrantless searches of day
care homes, not narrowed by regulations, was *overbroad* . . . ." 756 F.2d
713 (9th Cir. 1985).  The argument presented by State Defendants is
merely disagreement with this Court's ruling and with the Ninth Circuit's
ruling in *Rush*, and does not warrant reconsideration.

State Defendants second ground for reconsideration also lacks merit.
State Defendants claim that public officials are entitled to qualified

Declaration of John McIlhenny (Ct. Rec. 513).  To the extent the
emergency rule is relevant to the Court's stay of injunctive relief, that
issue is not raised on reconsideration.  Instead, the Court addresses the
change in law as it pertains to the Plaintiffs' Motion for Preliminary
Injunction, previously held in abeyance.

ORDER ~ 3

immunity because "an officer who reasonably relies on the legislatures determination that a statute is unconstitutional should be shielded from personal liability." *Grossman v. City of Portland*, 33 F.3d 1200, 1210 (9th Cir. 1994). Here it is State Defendants who would mis-apply a unique issue arising in the First Amendment context to a Fourth Amendment warrantless search. *Grossman* dealt with the arrest of organized protestors in a city park who lacked a city permit for their event. *Id.* The Ninth Circuit distinguished the qualified immunity analysis as requiring them to be "sensitive to certain considerations which are not present in all qualified immunity cases. Unlike in many such cases, here the *allegedly* unconstitutional action undertaken by the individual defendant consists *solely* of the enforcement of an ordinance . . . ." 33 F.3d at 1208-09 (emphasis added). This case is about alleged improper use of an administrative subpoena to conduct a warrantless search of Latina day care providers  (Ct. Rec. 511 at 31:15 - 32:12).  State Defendants' request for reconsideration is denied.

**B.  Motions to Clarify**

Defendant also presents four grounds for "clarification" as opposed to reconsideration; the fourth ground for clarification concerns typographical errors and is granted. The first three requests, however, ask the Court to extend its prior ruling to matters "which are not before this Court," namely (1) limiting the order to Family Day Care Homes, but not any other listed facility or agency, (2) stating that the Court's order does not affect the inspection authority of the WSP and Department of Health, and (3) stating that RCW would be constitutional in conjunction with a limiting statute or regulation. The problem with

these motions are the attempt--without any legal authority in support of the arguments--to receive an advisory opinion on matters beyond the scope of the Court's order.  The Court issued a ruling in its Order; and the Order adjudicates matters presented to the Court by the parties in their motions.  Issues or potential impacts of the Order on State Defendants in other contexts, or to other state agencies (such as WSP or the Department of Health), or to modify an order to express an opinion about constitutionality of future remedial actions, are matters for legal analysis by those agencies but would be in the nature of an advisory opinion from the Court.  The State Defendants' Motions to Clarify (1) through (3) are therefore denied.

### III.  MATTAWA DEFENDANTS' ORAL MOTION TO CLARIFY

At the hearing of January 16, 2007, the Mattawa Defendants[2] orally moved for clarification of the Court's ruling on their qualified immunity defense under 42 U.S.C. § 1983.  Mattawa Defendants previously moved for summary judgment based on qualified immunity for both claims under § 1983 and § 1985 (Ct. Recs. 395 & 396).  The Court ruled on the Mattawa Defendants' Motion for Summary Judgment under 42 U.S.C. § 1983, and addressed qualified immunity in the context of Plaintiffs' claims under 42 U.S.C. § 1985.  Mattawa Defendants seek a ruling on their qualified immunity defense for the § 1983 claim.

The standard for qualified immunity under § 1983 has previously been articulated by the Court and will not be reiterated here.  (Ct. Rec. 511

---

[2] Apart from Sgt. Jensen, who was previously dismissed as to the § 1983 cause of action.  *See* Ct. Rec. 517 at 10.

ORDER ~ 5

at 29-32.)  Applying this standard to the alleged conduct of Mayor Esser and Chief Blackburn, Plaintiffs' statement of facts in opposition is sufficient to raise a genuine issue of material fact that warrants denial of the motion.  Unlike the facts alleged against State Defendants, the Plaintiffs' claim Mattawa Defendants acted illegally in initiating the State Defendants' involvement in an investigation targeting Latina daycare providers based on their ethnicity, and generally assuming illegal conduct of those daycare providers based on their ethnicity.

These Defendants claim that they took no action and had only limited and official contact with the State Defendants who conducted the investigation.  Plaintiffs present a much different view of the facts. (Ct. Rec. 418.)  Construing the facts in Plaintiffs' favor, as the Court must, the Court denies the request for qualified immunity for Mayor Esser and Chief Blackburn.  The facts so construed attribute the entire investigation to complaints from Mayor Esser and Chief Blackburn. Although the Defendants suggest legitimate motives, such "legitimate" motives are intertwined with facts that could be construed as targeting Plaintiffs based solely on ethnicity.  For example, enforcement against "illegal" activity of "undocumented" persons, viewed against complaints that a town that is 90% Latino has only 48% of persons paying taxes, suggests bias based on ethnicity.  Indeed, acting on rumor and/or belief that the prosperity of Latinos, in general (and of the Latina day care providers in particular), is attributable to illegal or fraudulent activity could itself demonstrate illegal discriminatory animus based on ethnicity.  Accordingly, the Court **denies** the Mattawa Defendants' Motion

ORDER ~ 6

for Summary Judgment based on qualified immunity from Plaintiffs' § 1983 claims.

### IV.   PRELIMINARY INJUNCTION HELD IN ABEYANCE

The Court previously held in abeyance the Plaintiffs' Motion for Preliminary Injunction of RCW 74.15.030(7), 74.15.050(2), 74.15.060(1), 74.15.080 and WAC 388-296-0250(1), 388-296-0450(2), 388-296-0520(8) (Ct. Rec. 198).   The Court also held in abeyance the identical request for injunction contained in Plaintiffs' Motion for Partial Summary Judgment (Ct. Rec. 116).   The hearing on the request for injunction was held in abeyance to permit the State Defendants to address the Constitutional infirmities in the regulatory scheme for warrantless searches of the day care providers' homes.   The Court previously entered an Order (Ct. Rec. 511) in part declaring the statute and regulations that permitted such searches unconstitutional, relying on *Rush v. Obledo*, 756 F.2d 713 (9th Cir. 1985).   *Rush* held:

> (1) [the]statute authorizing warrantless searches of day care homes, not narrowed by regulations, was overbroad, but (2) [the] statute governed by regulation restricting areas to be searched to those where children have access and limiting hours at which searches may be conducted to those during which family day care takes place did not violate the Fourth Amendment.

756 F. 2d at 713, 723.   The State Defendants have supplemented the record to demonstrate that emergency rules were enacted effective December 18, 2006, and amend WAC 170-296-0450 and WAC 170-296-0520.[3]   (Ct. Rec. 513.) As amended, the regulations now limit access to records and reports, replacing "at the time we request them" with "during all hours in which

---

[3] The current version of the regulation that the Court held lack sufficient time limitations.   *See* Court Record 511, n.5.

ORDER ~ 7

licensed activities are conducted." *Id.* (WAC 170-296-0520). Similarly, the regulation providing for licensing revocation amended the ground for revocation based on refused inspection to "during times when licensed activities are conducted." *Id.* (WAC 170-296-0450). The regulation is further narrowed by requiring only access to "your licensed space," rather than "your licensed space and premises." *Id.*

On review of the amendments to the Washington Administrative Code provisions, the Court finds the amended provisions sufficiently narrow the time and place of inspections to render warrantless searches constitutional, if conducted in accordance with the revised regulations. *See, e.g., Rush*, 756 F.2d at 722-23 (finding similar limiting regulations rendered the statute constitutional by narrowing the inspections to those necessary to protect the state's interest in regulating the day care). Given the amendments presently in effect, the Court **denies** Plaintiffs' request for a preliminary injunction.

For the above given reasons, **IT IS HEREBY ORDERED:**

1.   State Defendants' Motion for Reconsideration or, in the Alternative, Motion to Clarify Ruling **(Ct. Rec. 514)** is **GRANTED in part** (motion to clarify (4)) **and DENIED in part** (motions for reconsideration (1) and (2), motions to clarify (1)-(3)).

2.   The Court will file an Amended Order deleting the reference to WAC 170-296-0450(2) at page 21, line 20, and renumbering WAC 170-296-0520(8) to WAC 388-296-0450 for sake of consistency with footnote 5.

3.   Mattawa Defendants' Oral Motion to Clarify, made at the hearing of January 16, 2007, is **GRANTED.** Mattawa Defendants' motion for qualified immunity from Plaintiffs' § 1983 claims is **denied.**

ORDER ~ 8

1    4.  Plaintiffs' Motion for Preliminary Injunction of RCW
2 74.15.030(7), 74.15.050(2), 74.15.060(1), 74.15.080 and WAC 388-296-
3 0250(1), 388-296-0450(2), 388-296-0520(8) **(Ct. Rec. 198)** is **DENIED.**

4    5.  The pending request for an injunction in Plaintiffs' Motion for
5 Partial Summary Judgment **(Ct. Rec. 116)** is **DENIED.**

6    **IT IS SO ORDERED.**  The District Court Executive is directed to enter
7 this Order and provide copies to counsel.

8    **DATED** this ___4th___ day of June 2007.

9

10              S/ Edward F. Shea
                EDWARD F. SHEA
11        United States District Judge

12
Q:\Civil\2004\0192.reconsid.11.02.06.order.wpd
13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ~ 9