UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA DE LA O, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ROBIN ARNOLD-WILLIAMS, et al.,<br><br>　　　　Defendants. | NO. CV-04-0192-EFS<br><br>**ORDER GRANTING JOINT MOTION FOR ORDER TENTATIVELY APPROVING CLASS AGREEMENT, DIRECTING NOTICE TO CLASS MEMBERS, AND SCHEDULING FAIRNESS HEARING; HOLDING IN ABEYANCE THE JOINT MOTION TO VACATE ORDERS DECLARING RCW 4.24.350(2) UNCONSTITUTIONAL; AND GRANTING JOINT MOTION FOR EXTENSION OF TIME** |
| MARIA FERNANDEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>　　　　Defendants. | [NO. CV-05-0280-EFS] |

　　A hearing was held in the above-captioned matters on June 20, 2008. Kay Frank appeared on behalf of the *De La O* Plaintiffs; Ty Duhamel appeared on behalf of the *Fernandez* Plaintiffs. Defendants were

ORDER ~ 1

represented by Carrie Bashaw, Ken Orcutt, and John McIlhenny.  Before the Court were the Joint Motion for Order Tentatively Approving Class Agreement, Directing Notice to Class Members, and Scheduling Fairness Hearing (Ct. Rec. 798) and Joint Motion to Vacate Orders Declaring RCW 4.24.350(2) Unconstitutional (Ct. Rec. 807).  Following the hearing, *Fernandez* Plaintiffs filed a Motion to Expedite (Ct. Rec. 811) and a Joint Motion for Extension of Time (Ct. Rec. 813).  After reviewing the submitted materials and hearing from counsel, the Court was fully informed.  This Order memorializes and supplements the Court's oral rulings and sets forth the Court's rulings on the recent motions.

**A.  Joint Motion for Order Tentatively Approving Class Agreement, Directing Notice to Class Members, and Scheduling Fairness Hearing**

Pursuant to Federal Rule of Civil Procedure 23(e), the *Fernandez* Plaintiffs and State Defendants ask the Court to approve settlement of the certified Class'[1] claims as agreed by the parties in the Proposed Class Agreement.  The Proposed Class Agreement disposes of all declaratory, injunctive, and equitable claims that were brought or could have been brought in this action.

---

[1] The certified Class is: "all persons who currently are or in the future are licensed by the Department of Social and Health Services to provide family home child care services." (CV-05-280: Ct. Rec. 97 p. 9.) The certified Subclass is "all limited English proficient ("LEP") persons who currently are or in the future are licensed by department of Social and Health Services to provide family home child care services." (CV-05-0280: Ct. Rec. 97 p. 11.)

ORDER ~ 2

A class action may be settled only with approval of the court. FED. R. CIV. P. 23(e) (2008); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 623 (9th Cir. 1982). Rule 23(e) sets forth the following procedures:

> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

At this time, the parties ask the Court to approve the proposed Notice of Settlement ("the Notice") to the Class, direct issuance of the Notice to the Class, and set a hearing to determine whether the settlement is fair, reasonable, and adequate. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (A court may only approve a settlement that is "fundamentally fair, adequate, and reasonable.") After review, the Court determines that issuing the proposed Notice is appropriate. Accordingly, the Joint Motion for Order Tentatively Approving Class Agreement, Directing Notice to Class Members, and Scheduling Fairness Hearing is granted. Due to the delay in having the Notice translated into Spanish, the Court grants the requested extension and modifies the deadlines imposed at the hearing.

ORDER ~ 3

**B.   Joint Motion to Vacate Orders Declaring RCW 4.24.350(2) Unconstitutional**

As a condition of the Proposed Settlement Agreement, the parties ask the Court to vacate two of its prior Orders: the September 25, 2006, Order (Ct. Rec. 289) (declaring RCW 4.24.350 unconstitutional) and the December 20, 2006, Order (Ct. Rec. 581) (concluding RCW 74.15.050, RCW 74.15.080, WAC 388-296-040, and WAC 388-296-0520 unconstitutional). These Orders are *not* final orders; rather, the Orders are interlocutory orders. A final order or judgment has not been entered as these cases are currently stayed pending the State's interlocutory appeal of the Court's qualified immunity rulings. Therefore, Federal Rule of Civil Procedure 54(b), not Rule 60(b), applies to the parties' request. *C.f. Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168-69 (1998) (setting forth standard for vacatur of final order under Rule 60(b)(5)). Rule 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b) (2008). A court has complete power over interlocutory orders made therein and has authority to revise them when it is "consonant with equity" to do so. *Simmons v. Brier Bros Co.*, 258 U.S. 82 (1922); *see U.S. Gypsum Co. v. Pac. Award Metals, Inc.*, 2006 WL 1825705 (N.D. Cal. 2006) (agreeing to vacate an interlocutory order at the request of the parties).

As set forth above, the Court conducted an initial review of the Proposed Class Agreement. If the Court ultimately approves the agreement, it would appear proper and just that the Court grant vacatur of these two prior interlocutory Orders. An order of vacatur will then be entered more completely discussing the rational for it.

The joint motion to vacate is held in abeyance pending the August 12, 2008, hearing.

**C.  Conclusion**

For the reasons given above, **IT IS HEREBY ORDERED:**

1. The Joint Motion for Order Tentatively Approving Class Agreement, Directing Notice to Class Members, and Scheduling Fairness Hearing **(Ct. Rec. 798)** is **GRANTED.**

2. No later than **July 9, 2008**, the Notice, in both English and Spanish, shall be mailed to the Class. The Notice shall indicate that the deadline to submit written comments is **July 30, 2008**. As agreed, DEL shall incur the cost of mailing this Notice. Also, as agreed, the Notice shall be posted on Columbia Legal Services' website in both English and Spanish.

3. The Court sets a hearing on **August 12, 2008, in Richland, Washington, at 1:30 p.m.** to determine the fundamental fairness, adequateness, and reasonableness of the Proposed Class Agreement. Parties shall file their briefs no later than **August 5, 2008.**

3. The Joint Motion to Vacate Orders Declaring RCW 4.24.350(2) Unconstitutional **(Ct. Rec. 807)** is **HELD IN ABEYANCE pending the AUGUST 12, 2008, hearing.**

ORDER ~ 5

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this ___13th___ day of August 2008.

                         S/ Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2004\0192.settle.vacate revised 8 13 08.wpd

ORDER ~ 6