UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA DE LA O, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBIN ARNOLD-WILLIAMS, et al.,<br><br>    Defendants. | NO. CV-04-0192-EFS<br><br>**ORDER GRANTING JOINT MOTION TO VACATE ORDERS DECLARING RCW 4.24.350(2) UNCONSTITUTIONAL AND GRANTING JOINT MOTION (Ct. Rec. 798) TO APPROVE CLASS SETTLEMENT WHICH IS CONDITIONED A COURT ORDER VACATING ORDERS DECLARING RCW 74.15.030(7), RCW 74.15.080(1), WAC 388.296.0450 and WAC 388. 296.0520 (Ct. Recs. 511 and 745)** |
| MARIA FERNANDEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>    Defendants. | [NO. CV-05-0280-EFS] |

    Before the Court are two motions.  Plaintiffs and State Defendants jointly ask the Court to vacate its rulings declaring unconstitutional RCW 4.24.350(2) (Ct. Recs. 289 and 518) and also, as a condition of the Class Settlement, to vacate its rulings declaring unconstitutional RCW 74.15.030(7), RCW 74.15.080(1), WAC 388.296.0450, and WAC 388.296.0520

ORDER ~ 1

(Ct. Recs. 511 & 745). Ty Duhamel and Joachim Morrison appeared on behalf of the *Fernandez* Plaintiffs, and Katrin E. Frank appeared on behalf of the *De La O* Plaintiffs. Several Plaintiffs also attended. Appearing for State Defendants were Carrie Bashaw and John McIlhenny, Jr.

**A.   Background**

On August 12, 2008, the Court entered an Order Approving Class Settlement. (Ct. Rec. 828.) In a separate Order, the Court indicated that it would grant the motions asking for vacatur of its Orders holding the pertinent statutes and regulations unconstitutional if it approved the proposed Class Settlement. (Ct. Rec. 830.) The Court intended to enter that Order some weeks ago but overlooked it. Having approved the settlement, the Court now addresses the basis for vacating the pertinent Orders as identified above.

**B.   Standard**

The Court's authority to vacate these Orders is found in Federal Rule of Civil Procedure 54(b), which states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b) (2008). A court has complete power over interlocutory orders made therein and has authority to revise them when it is "consonant with equity" to do so. *Simmons v. Brier Bros Co.*, 258 U.S. 82 (1922); *see U.S. Gypsum Co. v. Pac. Award Metals*, 2006 WL 1825705 (N.D. Cal. 2006) (agreeing to vacate an interlocutory order at the parties' request).

ORDER ~ 2

1   Where, as here, the Court is being asked to vacate its rulings
2   finding state statutes and regulations are unconstitutional, the
3   remaining parties' interests to a lawsuit is only one of several factors
4   that the Court considers.  In considering vacatur of its ruling(s), a
5   district court should evaluate whether all parties involved in the
6   ruling(s) request and agree to vacatur as a condition of a proposed
7   settlement of the action; whether the ruling(s) held a law or regulation
8   unconstitutional and, if so, what public interest inheres in the ruling;
9   whether laws or regulations have been enacted that remedy the
10  constitutional defect found by the judge thereby securing the public
11  interest in the constitutionality of the laws; whether a former party to
12  the action would be adversely affected by vacatur; and whether the costs
13  of continuing the action with uncertain results are outweighed by the
14  benefits of the proposed settlement of the action.  These considerations
15  immediately present themselves in this case though there may well be
16  other considerations in a different case.

**C.  Application and Analysis**

Plaintiffs filed this lawsuit in order to prevent the State child care and fraud inspectors from wrongfully entering and searching day care provider homes and seizing personal documents.  The Court found RCW 74.15.050, RCW 74.15.080, WAC 388-296-040, and WAC 388-296-0520 unconstitutionally overbroad.  (Ct. Rec. 511.)  The State represented that it needed time to go through the traditional process to adopt emergency regulations to remedy the defects found in those regulations. The State further represented that it would abide the Court's ruling on those regulations and would not conduct activities under those

ORDER ~ 3

regulations or statutes that would violate the Court's rulings. Based on those representations and the benefit to all parties from such State action, the Court held in abeyance for several months a motion to enjoin enforcement of those statutes and regulations in order to allow the State to draft, file, and ultimately adopt the necessary emergency regulations to remedy their constitutional defects and those of the related statutes. (Ct. Rec. 511.) The State Defendants promptly promulgated emergency regulations effective December 18, 2006, which effectively narrowed the time and place of inspections. (Ct. Rec. 513.) Ultimately, the Court declined to enter an injunction because, "[T]he amended provisions sufficiently narrow the time and place of inspections to render the warrantless searches constitutional, if conducted in accordance with the revised regulations." (Ct. Rec. 745, p. 8,ll. 8-10.) This provided the Plaintiffs individually and as a Class with the result sought.

The Proposed Class Agreement provides the Class with specific enforceable protections against the Department of Early Learning (DEL), which agreed to be a party to the agreement, including (1) the right to receive a Home Entry Letter[1] setting forth the provider's rights and (2) modifications to the Department of Fraud Investigations investigator manual that limit an investigator's authority. Importantly, the Proposed Class Agreement provides these protections upon Court approval. In comparison, the State Defendants' appeal of the qualified immunity rulings will likely not be resolved until 2010 and then trial will likely

---

[1] The Home Entry Letter is in English on one side and in Spanish on the reverse side.

ORDER ~ 4

1  not occur until 2011.  The certain cost of continuing the case will be
2  significant and the results of both the current State appeal and the
3  action itself are uncertain with considerable risk of an adverse outcome
4  for Plaintiffs.  Additionally, the remedial regulations enacted by the
5  State benefit both the Plaintiffs and the public interest in the
6  constitutionality of the laws of the State of Washington.  Further, the
7  Proposed Class Agreement provides the individual Plaintiffs with
8  compensation for past constitutional violations. Each of the named
9  Plaintiffs will receive $45,000.00; Columbia Legal Services will receive
10 $350,000.00 in fees and costs for its diligent representation of
11 Plaintiffs.   The Court has read with considerable attention the
12 Declaration of D. Ty Duhamel In Support of Joint Motion to Tentatively
13 Approve Class Settlement (Ct. Rec. 801) and is persuaded by the detailed
14 description of the work of counsel and the benefits to Plaintiffs and
15 Class that vacatur is just.  Based on the above, the Court finds vacatur
16 of the Orders finding unconstitutional the specific statutes and related
17 regulations will better serve the Class, the individual Plaintiffs, and
18 the public.
19     Next, the Court turns to RCW 4.24.350(2) - the statute that was the
20 basis for the counterclaim filed by the individual Mattawa Defendants.
21 RCW 4.24.350(2) gives judicial officers, prosecuting authorities, or law
22 enforcement officers  the right to file a claim(s) or counterclaim(s) for
23 what amounts to malicious prosecution against those who sued them.  The
24 Court found that section of the statute unconstitutional. (Ct. Rec. 289.)
25 That ruling and the Court's ruling denying individual Mattawa Defendants
26 qualified immunity under § 1985 were appealed.   (Ct. Rec. 568.)   The

1  State Defendants filed a separate appeal (Ct. Rec. 574), which was later
2  dismissed by the Ninth Circuit (Ct. Rec. 653).
3      In due course, the Plaintiffs and the individual Mattawa Defendants
4  reached a satisfactory resolution.  They filed a stipulation to dismiss
5  their claims and counterclaims against each other.  (Ct. Rec. 720.)  The
6  Court permitted Plaintiffs to amend their complaint to remove those
7  claims; the complaint was amended, and the individual Mattawa Defendants
8  along with their counterclaims under RCW 4.24.350(2) were effectively
9  removed from the case.  This settlement thereby mooted the appeal by the
10 individual Mattawa Defendants of the Court's ruling holding RCW
11 4.24.350(2) unconstitutional.  The result is that the State is not now
12 in a position to appeal the Court's interlocutory ruling declaring RCW
13 4.24.350(2) unconstitutional.  *See Blair v. Shanahan*, 919 F. Supp. 1361,
14 1365 (N.D. Cal. 1996).  Indisputably, however, the constitutionality of
15 RCW 4.24.350(2) is of considerable importance to the State because of its
16 impact on state judicial officers, prosecuting authorities, and law
17 enforcement officers.  The State's inability to challenge the Court's RCW
18 4.24.350(2) ruling is an unintended result of the settlement between the
19 individual Mattawa Defendants and the Plaintiffs, i.e., their dismissal
20 mooted the appeal challenging the Court's RCW 4.24.350(2) counterclaim
21 ruling.  Further, vacatur works no injustice to the now non-party
22 individual Mattawa Defendants.  It achieves the very result sought in
23 appealing the Court's ruling.  Under these circumstances, the Court
24 believes that justice requires the vacatur of this ruling.
25 ///
26 ///

ORDER ~ 6

Case 2:04-cv-00192-EFS    Document 832    Filed 08/27/08

Accordingly, **IT IS HEREBY ORDERED**:

1. The Joint Motion to Vacate Orders Declaring RCW 4.24.350(2) **(Ct. Rec. 807)** Unconstitutional is **GRANTED**. The Court's September 25, 2006 Order Granting in Part and Denying in Part *De La O* Plaintiffs' Motion for Partial Summary Judgment Declaring RCW 4.24.350 Unconstitutional and Dismissing Counterclaim **(Ct. Rec. 289)** and January 3, 2007 Order Ruling on Motions for Reconsideration **(Ct. Rec. 518)** are **VACATED**.

2. As previously memorialized, the Joint Motion seeking vacatur of Orders declaring RCW 74.15.030(7), RCW 74.15.080(1), WAC 388.296.0450 and WAC 388. 296.0520 unconstitutional **(Ct. Rec. 798)** is **GRANTED**. The Court's December 20, 2006 Order Entering Rulings from November 2, 2006 Hearing **(Ct. Rec. 511)** and Order Ruling on Motions for Reconsideration, Oral Motion for Clarification, and Injunction Requests Held in Abeyance **(Ct. Rec. 745)** are **VACATED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 28th day of August, 2008.


                              s/Edward F. Shea
                              EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2004\0192.vacate.orders.wpd

ORDER ~ 7