UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA DE LA O, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOWN OF MATTAWA,<br><br>    Defendant. | NO. CV-04-0192-EFS<br><br>**ORDER GRANTING AND DENYING IN PART PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S STATE LAW COUNTERCLAIMS AND TO STRIKE DEFENDANT'S *NOERR-PENNINGTON* OR FEDERAL LAW COUNTERCLAIM, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |
| MARIA FERNANDEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOWN OF MATTAWA,<br><br>    Defendant. | NO. CV-05-0280-EFS |

    A telephonic hearing occurred in the above-captioned matters on February 3, 2009. *Maria De La O* Plaintiffs were represented by Kay Frank and Timothy Ford; *De La O* Plaintiffs were represented by Ty Duhamel. Jerry Moberg appeared on behalf of Defendant Town of Mattawa. Before the Court was Plaintiffs' Motion to Dismiss Defendant's State Law Counterclaims and to Strike Defendant's *Noerr-Pennington* or Federal Law

ORDER ~ 1

Counterclaim, or, in the Alternative, for a More Definite Statement.[1] (Ct. Rec. 858.) Mattawa opposes the motion, submitting that it has valid counterclaims under RCW 4.24.510, RCW 4.24.350, and federal law. After reviewing the submitted material and relevant authority and hearing oral argument, the Court is fully informed. This Order memorializes and supplement's the Court's oral ruling; Plaintiffs' motion is granted (RCW 4.24.510, RCW 4.24.350(2), and federal law) and denied (RCW 4.24.350(1)) in part.

**A. Background**

*De La O* Plaintiffs filed their initial complaint on June 11, 2004. (Ct. Rec. 1.) In relation to Mattawa, Plaintiffs alleged:

> 5.1 Defendant Esser caused the violations of plaintiffs' Fourth Amendment rights to occur and ratified them as the chief policymaking official of the Town of Mattawa. Those violations therefore resulted from and reflected the policies, customs and usages of the Town of Mattawa.
>
> 6.2 The above described actions of defendants Town of Mattawa, Esser, Blackburn, Jensen, Bumford, Coyne, Clawson, Vargas and Ditzel constitute a conspiracy to directly or indirectly cause the identified plaintiffs and others of their race and national origin to be deprived of the equal protection of the laws or of equal privileges and immunities under the laws, particularly the right to be free from unreasonable searches and seizures, rendering those defendants liable to the plaintiffs who were damaged thereby, pursuant to 42 U.S.C. § 1985(3).
>
> 6.3 The above described actions of defendants Bumford, Coyne, Clawson, Vargas, Ditzel, Hoezee, Boness, Smith, Town of Mattawa, Esser, Blackburn, Jensen and Grant County caused the identified plaintiffs to be deprived of rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States rendering those

---

[1] Plaintiffs are not seeking dismissal of Mattawa's affirmative defenses at this time.

ORDER ~ 2

> defendants liable to the plaintiffs whose rights they violated or caused to be violated pursuant to 42 U.S.C. § 1983.

A Second Amended Complaint, containing identical paragraphs 5.1, 6.2, and 6.3, was filed on August 20, 2004. (Ct. Rec. 8.) Mattawa filed its answer on September 1, 2004 (Ct. Rec. 13), and then filed an amended answer on September 8, 2004, asserting counterclaims under RCW 4.24.350 and RCW 4.24.510. (Ct. Rec. 13 p. 5 ¶ 14.)

*De La O* Plaintiffs amended their complaint again on April 28, 2005. (Ct. Rec. 21.) Paragraphs 5.1, 6.2, and 6.3 remained identical, absent capitalization of certain words. Mattawa answered on May 16, 2005, asserting the same two state law counterclaims. (Ct. Rec. 39.)

The *Fernandez* action was filed in this Court on September 13, 2005. (CV-05-280: Ct. Rec. 57.) This complaint alleges, in pertinent part:

> 140. Defendant Esser caused the violations of the plaintiffs' Fourth Amendment rights to occur and ratified them as the chief policymaking official of the Town of Mattawa. Those violations therefore resulted from and reflected the policies, customs, and usages of the Town of Mattawa.
>
> 145. The above described actions of the defendants Harden, Bumford, Clawson, Coyne, Vargas, Ditzel, Hoezee, Boness, Smith, Esser, Blackburn, Jensen, Town of Mattawa, and Grant County caused the individual plaintiffs to be deprived of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution rendering those defendants liable to the plaintiffs who were damaged thereby, pursuant to 42 U.S.C. § 1983.
>
> 147. The above described actions of defendants Harden, Bumford, Clawson, Coyne, Vargas, Ditzel, Esser, Blackburn, Jensen, and Town of Mattawa constitute a conspiracy to directly or indirectly cause the individual plaintiffs and others of their race and national origin to be deprived of the equal protection of the laws or of equal privileges and immunities under the laws, particularly the right to be free from unreasonable searches and seizures, rendering those defendants liable to the plaintiffs who were damaged thereby, pursuant to 42 U.S.C. § 1985(3).

ORDER ~ 3

The two (2) cases were consolidated for pretrial purposes on November 15, 2005. (CV-05-280: Ct. Rec. 98.)

On September 25, 2006, the Court declared RCW 4.24.350(2) unconstitutional, but allowed Defendants to assert the following counterclaim under RCW 4.24.350(1):

> These Defendants claim the protections and right of action granted by RCW 4.24.350(1), and that Plaintiffs have abused the civil process by knowingly and maliciously instituting claims in this action, which are both false and unfounded.

(Ct. Rec. 289 p. 13.)  On December 20, 2006, the Court ruled that RCW 74.15.030 and 74.15.080 and WAC 288-296-0520 are unconstitutionally overbroad. (Ct. Rec. 511.)  The Court then granted Plaintiffs' Motion to Dismiss Defendant Town of Mattawa's Affirmative Defense and Counterclaim under RCW 4.24.510 (Ct. Rec. 391), due to Mattawa's failure to file an opposition, ruling that "Town of Mattawa's RCW 4.24.510 affirmative defense and counterclaim are dismissed."  (Ct. Rec. 517 p. 2.)

State and Mattawa Defendants appealed the Court's rulings regarding the state statutes' and regulation's unconstitutionality, but did not seek relief from the dismissal of the RCW 4.24.510 counterclaim.  (Ct. Recs. 566 & 568.)  Thereafter, Plaintiffs agreed to dismiss all claims against the individual Mattawa Defendants. (Ct. Rec. 720.)  The Court agreed to this stipulated dismissal on June 5, 2007, thereby mooting the pending appeal.  (Ct. Rec. 741.)

The parties in their stipulation and related submissions (Ct. Rec. 693, 710, & 720) recognized that Plaintiffs could pursue their 42 U.S.C. §§ 1983 and 1985(3) claims against Mattawa, and that Plaintiffs could file the proposed amended complaints.  (Ct. Recs. 692 & 696.)  These proposed amended complaints slightly altered paragraphs 5.1, 6.2, & 6.3

ORDER ~ 4

in *De La O* and paragraphs 140, 145, and 147 in *Fernandez*. On June 1, 2007, the Court granted *De La O* Plaintiffs leave to file the proposed amended complaints. (Ct. Rec. 741.)

Thereafter, the State Defendants and Plaintiffs settled their claims. (Ct. Rec. 798.) The Court determined that the settlement was reasonable and agreed as part of the settlement to vacate the Court's prior orders declaring RCW 4.24.350(2) and other state statutes and regulations unconstitutional. (Ct. Rec. 832.)

Due to an oversight, Plaintiffs did not file their allowed amended complaints until December 2, 2008. (Ct. Recs. 852 & 853.) These complaints are identical to the previously-proposed complaints. Mattawa filed its answers on December 15, 2008, asserting counterclaims under RCW 4.24.350, RCW 4.24.510, and federal law. (Ct. Recs. 855 & 856.)

**B.   Authority and Analysis**

**1.   RCW 4.24.510**

The Court's January 3, 2007 dismissal of Mattawa's RCW 4.24.510[2] counterclaim is not impacted by the subsequent stipulated dismissals or Court's Orders. The Court dismissed this counterclaim because Mattawa

---

[2] RCW 4.24.510 states:

A person who communicates a complaint or information to any branch or agency of federal, state, or local government . . . is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization. A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars. Statutory damages may be denied if the court finds that the complaint or information was communicated in bad faith.

ORDER ~ 5

failed to respond to Plaintiffs' Motion to Dismiss Defendant Town of Mattawa's Affirmative Defense and Counterclaim under RCW 4.24.510 (Ct. Rec. 391). (Ct. Rec. 517 p. 2.) Given Mattawa's decision not to respond to the dismissal motion and decision not to appeal the dismissal Order, the Court will not revisit its dismissal Order because Plaintiffs relied upon this ruling. Accordingly, the Court grants Plaintiffs' motion in part – Mattawa's RCW 4.24.510 counterclaim is dismissed.

### 2. RCW 4.24.350

Although the Court previously ruled that RCW 4.24.350(2) is unconstitutional, the Court vacated this ruling as a condition of Plaintiffs' and State Defendants' stipulated dismissal. The Court need not readdress RCW 4.24.350(2)'s constitutionality because subsection (2) does not apply to a municipality:

> (2) In any action, claim, or counterclaim brought by a *judicial officer, prosecuting authority, or law enforcement officer* for malicious prosecution arising out of the performance or purported performance of the public duty of such officer, an arrest or seizure of property need not be an element of the claim, nor do special damages need to be proved. A judicial officer, prosecuting authority, or law enforcement officer prevailing in such an action may be allowed an amount up to one thousand dollars as liquidated damages, together with a reasonable attorneys' fee, and other costs of suit. A government entity which has provided legal services to the prevailing judicial officer, prosecuting authority, or law enforcement officer has reimbursement rights to any award for reasonable attorneys' fees and other costs, but shall have no such rights to any liquidated damages allowed.

(Emphasis added.) Subsection (4) provides the following definitions:

> (a) "Judicial officer" means a justice, judge, magistrate, or other judicial officer of the state or a city, town, or county.
>
> (b) "Prosecuting authority" means any officer or employee of the state or a city, town, or county who is authorized by law to initiate a criminal or civil proceeding on behalf of the public.

ORDER ~ 6

>(c) "Law enforcement officer" means a member of the state patrol, a sheriff or deputy sheriff, or a member of the police force of a city, town, university, state college, or port district, or a fish and wildlife officer or ex officio fish and wildlife officer as defined in RCW 77.08.010.

These terms' definitions make clear that subsection (2) does not apply to a city or town. Accordingly, Mattawa cannot take advantage of RCW 4.24.350(2) - even if constitutional.

The Court previously recognized that Defendants could pursue a counterclaim under subsection (1)[3]. The Court abides by this ruling, which has not been effected by the stipulated dismissals, and allows Mattawa to pursue a counterclaim under RCW 4.24.350(1).

Accordingly, Plaintiffs' motion is granted (RCW 4.24.350(2)) and denied (RCW 4.24.350(1)) in part.

### 3. Federal Law

In its December 2008 amended answers, Mattawa claims it "is immune from liability for communications its made in good faith governmental agencies and are entitled to statutory damages, fees, and costs pursuant to RCW 4.24.510 and *under federal law*." (Emphasis added.) In its

---

[3] Subsection (1) states:

>In any action for damages, whether based on tort or contract or otherwise, a claim or counterclaim for damages may be litigated in the principal action for malicious prosecution on the ground that the action was instituted with knowledge that the same was false, and unfounded, malicious and without probable cause in the filing of such action, or that the same was filed as a part of a conspiracy to misuse judicial process by filing an action known to be false and unfounded.

RCW 4.24.350(1).

ORDER ~ 7

response, Mattawa clarifies that it is relying upon the federal *Noerr*[4]-*Pennington*[5] doctrine as a basis for the federal counterclaim.

Under the *Noerr-Pennington* doctrine, "[t]hose who petition government for redress are generally immune from antitrust liability." *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.,*, 508 U.S. 49, 56 (1993). The *Noerr-Pennington* doctrine is a recognized *defense* in §§ 1983 and 1985 actions based on petitioning of public authorities and can be utilized by a government entity. *Manistee Town Center v. City of Glendale*, 227 F.3d 1090, 1092-93 (9th Cir. 2000). However, the cases do not recognize a *Noerr-Pennington counterclaim*.

*Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178 (S.D. Cal. 2008), does not support Mattawa's argument that there is a *Noerr-Pennington* counterclaim. The district court in *Kearney* held that the defendant was entitled to attorney fees and costs under the California anti-SLAPP[6] statute for its time associated with responding to both state and federal claims premised on defendants' actions and communications during the underlying eminent domain process and condemnation action – a common factual scenario. *Kearney* did not recognize a *Noerr-Pennington* counterclaim.

Therefore, the Court grants Plaintiffs' motion to strike the federal *Noerr-Pennington* counterclaim. Plaintiffs' alternative request for a

---

[4] *E.R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) ("*Noerr*").

[5] *United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1965) ("*Pennington*").

[6] SLAPP = Strategic lawsuit against public participation.

ORDER ~ 8

more definite statement under Federal Rule of Civil Procedure 12(e) is moot.

**C. Conclusion**

For the reasons given above, **IT IS HEREBY ORDERED**: Plaintiffs' Motion to Dismiss Defendant's State Law Counterclaims and to Strike Defendant's *Noerr-Pennington* or Federal Law Counterclaim, or, in the Alternative, for a More Definite Statement **(Ct. Rec. 858)** is **GRANTED** (RCW 4.24.510, RCW 4.24.350(2), and federal law) **and DENIED** (RCW 4.24.350(1)) **IN PART**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this    3rd    day of February 2009.

                                S/ Edward F. Shea
                                EDWARD F. SHEA
                           United States District Judge

Q:\Civil\2004\0192.dism.countercl.2009.wpd

ORDER ~ 9